IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |
|---|---|
| JONATHAN O. HAFEN, in his capacity as court-appointed Receiver,<br><br>          Plaintiff,<br><br>v.<br><br>TERRI ANDREINI; PEGGY HENNINGS; MIKE JOHNSON; and TROY PIANTES,<br><br>          Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:20-cv-00374-TC<br><br>Judge Tena Campbell |

Before the court is a motion for default judgment (ECF No. 35) filed by Plaintiff Jonathan O. Hafen, the court-appointed Receiver over the assets of Rust Rare Coin, Inc., Gaylen Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, the Receivership Defendants). This action is ancillary to litigation involving the Receivership Defendants. See Commodity Futures Trading Comm'n v. Rust Rare Coin, Case No. 2:18-cv-892.

The Receiver filed this action against Defendant Peggy Hennings on June 16, 2020,[1] (see Compl., ECF No. 2). Ms. Hennings did not file an answer and the Receiver moved for entry of default against her on June 17, 2024. (ECF No. 25.) The Clerk of Court entered a default

_____

[1] The Receiver originally filed this action against three additional defendants: Terri Andreini, Mike Johnson, and Troy Piantes. The Receiver voluntarily dismissed two of these defendants (see Stip. Mot. Dismiss Party, ECF No. 18; Not. Voluntary Dismissal, ECF No. 34), but litigation remains pending against Terri Andreini.

1

certificate on July 2, 2024.  (ECF No. 28.)

The Receiver now requests entry of judgment against Ms. Hennings in the total amount of $124,156.25.  This amount includes $96,450 in fraudulent and voidable transfers and $27,706.25 in prejudgment interest calculated at the rate of 5% per annum from October 22, 2018, the last date Ms. Hennings received a transfer from Rust Rare Coin.

For the following reasons, the court grants the Receiver's motion.

## LEGAL STANDARD

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process.  See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014).  If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default.  Id. (citing Fed. R. Civ. P. 55(a)).  "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment."  Id. (citing Fed. R. Civ. P. 55(b)(2)).

A trial court has broad discretion in deciding whether to enter a default judgment. Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)).  Furthermore, a plaintiff must establish that the amount of requested damages is reasonable under the circumstances.  DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009).  "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  Id. (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

## ANALYSIS

The Receiver supports his motion with a declaration from Jeffrey T. Shaw, CPA, CFE, CIRA.  (Decl. Jeffrey T. Shaw, ECF No. 35-1.)  The court has carefully reviewed Mr. Shaw's declaration and supporting exhibits and agrees with his conclusions.

According to investor statements prepared by Gaylen Rust and a bank deposit slip (see Ex. 4 to Shaw Decl.), Rust Rare Coin opened an investment account for Ms. Hennings in or around November 2010.  Mr. Shaw also gives Ms. Hennings credit for two additional contributions: 1) a contribution of $1,000 included in Mr. Rust's investor statements (Ex. 5 to Shaw Decl.); and 2) a check for $12,000, originally written to Gene Andreini but then endorsed to Rust Rare Coin (Ex. 6 to Shaw Decl.)  The court agrees with the Receiver that it is reasonable to credit these contributions to Ms. Hennings's account.

From June 2012 to October 2018, Ms. Hennings received approximately $134,450 in investment payments from Rust Rare Coin.  (See Exs. 7–20 to Shaw Decl.)  Mr. Shaw has provided evidence for these payments in the form of checks, with the exception of one payment of $10,000 that was recorded only in the investor statements prepared by Mr. Rust.  (See Ex. 8 to Shaw Decl.)  The court finds that it is reasonable to include this amount as an investment payment to Ms. Hennings.

Subtracting Ms. Hennings's contributions from the payments she received, the court therefore finds that Ms. Hennings received net winnings in the amount of $96,450.

The court agrees with the Receiver that an award of prejudgment interest from October 22, 2018, the last date that Ms. Hennings received an investment payment from Rust Rare Coin, is appropriate here.  The Tenth Circuit has previously upheld the award of prejudgment interest at a rate of 5% per annum to a receiver for a fraudulent transfer claim

because prejudgment interest "compensates for the loss of use of the money" and "[u]nder fairness and equity principles, prejudgment interest was proper."  Wing v. Gillis, 525 F. App'x 795, 801 (10th Cir. 2013); see also Miller v. Kelley, No. 1:12-cv-56, 2014 WL 5437023, at *7 (D. Utah Oct. 27, 2014).  This court has previously awarded prejudgment interest in ancillary actions to the Rust Rare Coin litigation.  See, e.g., Hafen v. Howell, No. 2:19-cv-813-TC, 2023 WL 5000944, at *5–7 (D. Utah Aug. 4, 2023).  The court therefore awards the Receiver prejudgment interest at the rate of 5% per annum from October 22, 20218, the last date on which Ms. Hennings received an investment payment.  This amount totals $27,706.25.  Post-judgment interest is also recoverable under 28 U.S.C. § 1961(a).

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.      The Receiver's Motion for Default Judgment (ECF No. 35) is GRANTED.

2.      The court awards the Receiver $124,156.25 against Defendant Peggy Hennings, an amount that represents $96,450 in fraudulent and voidable transfers and $27,706.25 in prejudgment interest.

3.      The court's judgment shall bear interest calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.  See 28 U.S.C. § 1961(a).

DATED this 23rd day of July, 2024.

BY THE COURT:

Tena Campbell
_____
Tena Campbell
United States District Judge